**FILED**

**July 27, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 10:38 A.M. EASTERN**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **MARK ELLIOTT,** ) | **Docket No. 2017-03-0637** |
| **Employee,** ) | |
| **v.** ) | |
| **HERITAGE FOOD SERVICES, INC.** ) | **State File No. 84603-2017** |
| **d/b/a HERITAGE GRILL,** ) | |
| **Employer,** ) | |
| **And** ) | **Judge Pamela B. Johnson** |
| **THE HARTFORD INSURANCE CO.,** ) | |
| **Carrier.** ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
### (Decision on the Record)

---

This matter came before the Court on Mark Elliott's Request for Expedited Hearing seeking a decision on the record. Heritage Food Services, Inc. did not request an evidentiary hearing. The Court issued a Docketing Notice on June 22, 2018, listing the documents to be considered. The parties had until July 3, 2018, to file objections to the admissibility of documents and/or position statements, which they both did. On review of the file materials, this Court holds it needs no additional information and decides the issues based on a decision on the record.

The legal issues are whether Mr. Elliott is likely to prevail at a hearing on the merits in establishing entitlement to additional medical benefits and/or temporary total disability benefits. For the reasons below, the Court holds he failed to satisfy his burden of proof and denies the requested benefits.

### Objections to Admissibility

Heritage filed an objection to the admissibility of portions of Mr. Elliott's affidavits, handwritten statements, and submission of the parties' email communications, as well as medical bills and medical records.

1

As to Mr. Elliott's two affidavits and handwritten statements, Heritage objected on hearsay grounds to numerous statements attributable to medical providers that were offered to prove the providers' medical opinions. Mr. Elliott did not respond or identify a hearsay exception. The Court finds certain portions of Mr. Elliott's affidavits and handwritten statements contain hearsay. Thus, the Court sustains the objection and has not considered statements attributable to medical providers and their opinions.

Regarding the email communications, Heritage objected to Mr. Elliott's filing of emails exchanged between the parties and their counsel. It argued statements or arguments of counsel are not evidence. It further argued the emails were not authenticated and contained hearsay. Again, Mr. Elliott did not respond. The Court sustains Heritage's objection on both grounds and has not considered the email communications.

Concerning the medical bills and medical records, Heritage objected on grounds that they were neither signed by a physician nor accompanied by a certification of authenticity signed by a physician or records custodian as required by Tennessee Compilation Rules and Regulations 0800-02-21-.16(6)(b) (2018). As with the previous objections, Mr. Elliott did not respond. Thus, the Court finds the bills and records were not properly authenticated, as they were neither signed by a physician nor accompanied by a certification signed by a physician or records custodian. The Court sustains the objection and has not considered the medical bills or medical records.

## History of Claim

On May 13, 2017, while performing his duties, Mr. Elliot tripped over another employee and stumbled forward, hyper-extending his leg. Two days later, he called to report he could not work because he was unable to stand straight due to severe hip and low back pain. He sought care on his own at Cherokee Health Systems on May 16, and reported the incident to Heritage the following day.

Heritage gave Mr. Elliott a choice of medical providers, and he selected Well Key Urgent Care. The attending provider released him to work with restrictions to avoid prolonged standing. Because his job required prolonged standing, he did not return to work, and Heritage terminated him.

Due to ongoing complaints, Heritage authorized Mr. Elliott to see Dr. Yoakum for his low back complaints and Dr. Parsons for his hip complaints.[1] Dr. Yoakum diagnosed hip flexor tendinopathy. He also noted, "Lumbar stenosis is not work related. R hip

_____

[1] Mr. Elliott stated in his affidavit that he saw Dr. Johnson, but a review of the file showed he saw Dr. Parsons for his hip complaints.

flexor tendinopathy may be." Dr. Yoakum further assigned restrictions to alternate sitting and standing. Dr. Parsons ordered a hip MRI and referred Mr. Elliott to physical therapy without identifying a diagnosis. Before Mr. Elliott underwent the MRI and attended physical therapy, Heritage denied the claim and did not authorize further medical treatment.

Due to Heritage's denial, Mr. Elliott filed this Request for Expedited Hearing. He asked the Court to order Heritage to provide additional medical treatment, payment of outstanding medical charges and mileage expenses, and temporary disability benefits.

## Findings of Fact and Conclusions of Law

Mr. Elliott need not prove every element of his claim by a preponderance of the evidence to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must present sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2017).

*Additional Medical Treatment, Outstanding Medical Charges, and Mileage Expenses*

To recover benefits, Mr. Elliott must demonstrate that he is likely to prevail at a hearing on the merits that he sustained an injury arising primarily out of and in the course and scope of his employment. The term "injury" is defined as an injury by accident arising primarily out of and in the course and scope of employment that causes the need for medical treatment. For an injury to be accidental, it must be caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and identifiable by time and place of occurrence. *See* Tenn. Code Ann. § 50-6-102(14).

The record is uncontroverted as to when and where the incident occurred: On May 13, 2017, Mr. Elliott tripped over another employee and stumbled forward. Thus, the Court concludes that he demonstrated he is likely to prevail at a hearing on the merits in proving a specific incident, identifiable by time and place of occurrence.

However, he must show more than an incident by time and place to prevail. Mr. Elliott must also demonstrate that the incident resulted in an injury arising primarily out of and in the course and scope of employment that caused the need for treatment. Mr. Elliott did not introduce medical records or admissible medical opinions indicating the need for treatment was caused by an injury arising primarily out of and in the course of employment. The record consists of only a singular medical opinion addressing the cause of and need for treatment. Dr. Yoakum diagnosed hip flexor tendinopathy and commented, "Lumbar stenosis is not work related. R hip flexor tendinopathy may be."

The mere possibility of a connection between a work incident and a medical condition is insufficient to satisfy Mr. Elliott's burden. The Workers' Compensation Law requires an employer to furnish medical treatment *made reasonably necessary by the work injury. See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (emphasis added). This means that, to be entitled to treatment, the employee must show, to a reasonable degree of medical certainty, that the employment contributed more than fifty percent in causing the need for treatment, *considering all causes. See* Tenn. Code Ann. § 50-6-102(14)(C) (emphasis added). "Shown to a reasonable degree of medical certainty means that, in the opinion of the treating physician, *it is more likely than not considering all causes*[.]" Tenn. Code Ann. § 50-6-102(14)(D) (emphasis added). Additionally, the opinion of the treating physician is given a rebuttable presumption of correctness on the issues of causation and medically necessary treatment. *See* Tenn. Code Ann. §§ 50-6-102(14)(E) and 50-6-204(a)(3)(H).

Here, Mr. Elliott asks that the Court order Heritage to provide additional medical treatment to include authorization of the hip MRI that Dr. Parsons ordered. However, he did not file any office visit notes from Drs. Yoakam or Parsons, so the record lacks a medical opinion relating the need for the recommended treatment/testing with a work injury arising primarily out of and in the course and scope of employment. A physician's recommendation for treatment, standing alone, does not make this treatment causally-related to the work incident. For the presumption of medical necessity to attach to the recommended treatment, the authorized treating physician must causally relate the injury and need for treatment to the employment. On the causation issue, this record is silent. For these reasons, the Court holds Mr. Elliott failed to present sufficient evidence demonstrating that he is likely to prevail at a hearing on the merits on entitlement to additional medical treatment at this time. Thus, the Court denies his request for the MRI.

As to his request for payment of outstanding medical bills and mileage expenses, the Court finds the record is also silent as to any connection between the itemized charges and mileage expenses and Mr. Elliott's need for medical treatment for a work-related injury. Therefore, the Court holds Mr. Elliott failed to present sufficient evidence demonstrating he is likely to prevail at a hearing on the merits regarding payment of outstanding medical bills and mileage expenses.

*Temporary Disability Benefits*

To receive temporary total disability benefits, Mr. Elliott must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). The Court finds that Mr. Elliott did not submit medical records or other evidence demonstrating he was disabled from working due to a work-related injury. Thus, the Court concludes he failed to demonstrate that he is likely to

4

prevail at a hearing on the merits on entitlement to temporary disability benefits and denies his request at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Elliott's claim for additional medical treatment, outstanding medical charges and mileage expenses, and temporary disability benefits is denied at this time.

2. This matter is set for a **Status Conference** on **September 17, 2018**, at **3:00 p.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's further participation.

**ENTERED July 27, 2018.**

_Pamela B. Johnson_

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**

1. Petition for Benefit Determination
    a. Electronic First Report of Work Injury
    b. Employer's Submissions
2. Dispute Certification Notice
3. Request for Expedited Hearing – November 2, 2017
    a. Mark Elliott's Affidavit
    b. Mark Elliott's Handwritten Statement
4. Notice of Expedited Hearing – November 22, 2017[2]
5. Notice of Filing Wage Statement
6. Order Setting Status Conference
7. Request for Expedited Hearing - June 5, 2018

---

[2] Before a previously-scheduled in-person Expedited Hearing, the parties announced that they resolved the disputed issues, and the Court cancelled the hearing.

    a.   Mark Elliott's Affidavit
    b.   Mileage Chart
    c.   Emails between Employee's counsel and Employer's counsel
    d.   WorkLink Reports
    e.   List of Unpaid Medical Expenses

8. Order Setting Status Conference
9. Response to Request for Expedited Hearing On the Record
10. Docketing Notice for On-The-Record Determination
11. Employer's Objection to Admissibility of Documents
12. Employer's Position Statement for Expedited Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on July 27, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| John R. Rosson, Employee's Attorney | | | X | rossonlaw@aol.com rjoyce1960@aol.com |
| Joseph Ballard, Employer's Attorney | | | X | joseph.ballard@thehartford.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

6



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant]    _____



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries      $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water      $ _____ per month    Clothing      $ _____ per month

Gas      $ _____ per month    Child Care      $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile      $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____    (FMV) _____

Other      $ _____    Describe:_____

11. My debts are:

Amount Owed              To Whom

_____    _____

_____    _____

_____    _____

_____    _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____